Gregory L. Spallas, Esq. (SBN 129306)
Adolpho O. Karajah, Esq. (SBN 310785)
**PHILLIPS, SPALLAS & ANGSTADT LLP**
560 Mission Street, Suite 1010
San Francisco, CA, 94105
Tel: (415) 278-9400
Fax: (415) 278-9411
gspallas@psalaw.net
akarajah@psalaw.net

Attorneys for Defendant
WALMART, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| PATRICK BURTON,<br><br>             Plaintiff,<br><br>     vs.<br><br>WALMART, INC., and DOES 1 through 20, inclusive,<br><br>             Defendants. | Federal Case No: 2:20-cv-01199-MCE-DMC<br><br>**STIPULATION AND ORDER TO CONTINUE MEDIATION DEADLINE**<br><br>Removal Date:         June 16, 2020<br>Mediation Deadline: December 25, 2020<br>Mediation Date:      TBD<br>Trial Date:              TBD |
|---|---|

IT IS HEREBY AGREED AND STIPULATED, by and between all parties, through their undersigned counsel, as to the following:

1. On June 16, 2020, Defendant Walmart, Inc. ("Defendant" or "Walmart") filed its Notice to Court and Adverse Party of Removal to Federal Court.

2. On June 23, 2020, Walmart filed a Stipulation and Proposed Order for Elect Referral of Action to Voluntary Dispute Resolution Program pursuant to Local Rule 271.

3. On July 06, 2020, the Court ordered the action to be referred to the Voluntary Dispute Resolution Program with program administrator Sujean Park.

4. On July 24, 2020, after various meet and confer sessions, the parties agreed on Ms. Kristin Bohm to serve as mediator under the Voluntary Dispute Resolution Program and submitted her to the program administrator's assistant Jonathan Crouch.

5. After being notified by Ms. Bohm that her law firm had a conflict of interest that may prevent her from serving as a mediator in the instant action, on August 13, 2020, the

parties notified Mr. Crouch of the conflict and requested a new panel of mediators.

6. On September 18, 2020, Mr. Jonathan Crouch submitted a new panel of mediators to the parties to select from.

7. On September 21, 2020, after various meet and confer sessions, the parties agreed on Mr. Sanford Kingsley to serve as mediator under the Voluntary Dispute Resolution Program and submitted him to the program administrator's assistant Jonathan Crouch.

8. On September 25, 2020, Mr. Kingsley was appointed by the Court to serve as neutral for mediation under the Voluntary Dispute Resolution Program.

9. Pursuant to Local Rule 271(j)(1), the last day for the parties to complete the Voluntary Dispute Resolution Program mediation session is December 25, 2020, or 91 days from the date Mr. Kingsley was selected as mediator.

10. Pursuant to Local Rule 271(j)(1), on October 06, 2020, the parties and mediator Kingsley held a teleconference to select a date to conduct the Voluntary Dispute Resolution Program mediation session.

11. It was determined at the October 06, 2020 teleconference that due to scheduling and other issues the parties would not have enough time to take the depositions of both Plaintiff as well as the person designated as most knowledgeable pursuant to Federal Rule of Civil Procedure 30(b)(6).

12. The parties believe that these depositions will allow them to engage in a more meaningful mediation with the hopes of achieving a complete resolution of the lawsuit prior to the parties incurring any additional costs and expense of preparing for trial.

13. In order to allow the parties the opportunity to schedule and take these depositions prior to any scheduled mediation session, they therefore stipulate and request that the Court continue the current December 25, 2020 mediation deadline to March 25, 2021, or as soon thereafter as is convenient to the Court's calendar.

14. The parties agree and stipulate all joint scheduling deadlines including all discovery deadlines be continued to run concurrent with the newly assigned mediation deadline.

15. The parties agree that it is in the best interests of all concerned that the mediation deadline of this matter be continued.

16. On October 07, 2020, Mr. Kingsley notified Mr. Crouch of the parties' intention to continue their mediation session and the December 25, 2020 mediation deadline. Mr. Kingsley stated there was a consensus to continue the mediation deadline to a date when all parties have had sufficient time to prepare for a meaningful mediation session.

17. This is the first request for a continuance of the mediation deadline in this matter.

18. Good cause exists for granting this request based on the foregoing.

19. This stipulation may be executed in counterparts and by facsimile or PDF signature.

DATED: October 12, 2020                **PHILLIPS, SPALLAS & ANGSTADT LLP**

Gregory L. Spallas, Esq.
Adolpho O. Karajah, Esq.
Attorneys for Defendant
WALMART, INC.

DATED: October 12, 2020                **FISHER LAW OFFICE**

*/s/T. James Fisher*
T. James Fisher, Esq.
Attorney for Plaintiff
PATRICK BURTON

### ORDER

Pursuant to the *Parties' Stipulation to Continue Mediation Deadline,* and good cause having been shown, IT IS ORDERED the current December 25, 2020 mediation deadline is vacated and continued to March 25, 2021 and all joint scheduling deadlines including all discovery deadlines are vacated and are re-set to run concurrent with the newly assigned mediation deadline.

DATED: JANUARY 26, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE